UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **LINDA ALLARD**, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>**SCI DIRECT, INC. d/b/a NEPTUNE SOCIETY,**<br><br>     Defendant. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant SCI Direct Inc.'s (d/b/a Neptune Society) ("Defendant") practice of placing autodialed and prerecorded telemarketing calls to individuals in the absence of consent and after those individuals have asked Defendant to stop calling, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Linda Allard is one such recipient of Defendant's spam telephone calls – or "active preneed sales program", in Defendant's terminology.

3. Despite Plaintiff never providing express written consent for prerecorded or autodialed telemarketing calls from Defendant, Defendant made such calls to Plaintiff's cellular telephone, and continued after Plaintiff asked Defendant to stop (and Defendant acknowledged this request).

4. Plaintiff Allard is not alone. An internet search of a site that catalogs spam telephone calls reveals dozens of reports of unsolicited and unstoppable calls from

Defendant.[1]

5. All of these telephone calls were placed without the prior express written consent of Plaintiff Allard.

6. All of these calls were placed using an automatic telephone dialing system, and none of them were sent for an emergency purpose.

7. All of these calls were also placed using an artificial or prerecorded voice, which is a distinctly actionable category of illegal phone calls under the TCPA.

8. All of these telephone calls were made in an effort to convince Plaintiff to purchase services from Defendant.

9. Furthermore, Plaintiff's telephone number has been on the "Do Not Call" list since 2009.

10. Accordingly, Plaintiff brings this TCPA action on behalf of herself and a proposed class of similarly situated individuals for claims under both 227(b) and 227(c) of the TCPA, which are separately actionable.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

12. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and its wrongful conduct was directed at this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the

---

[1] *See, e.g* http://800notes.com/Phone.aspx/1-714-935-1955, last accessed May 18, 2016.

wrongful conduct was directed at this District, and because Plaintiff resides in this District.

## PARTIES

14. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Hendersonville, Tennessee.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

16. Defendant SCI Direct, Inc. is, and at all times mentioned herein was, a Florida corporation headquartered at 1929 Allen Parkway, Houston, TX 77019.

17. Defendant SCI Direct, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

18. In approximately mid-2013, Defendant began placing telephone calls using a prerecorded voice advertising Defendant's services to Plaintiff's cellular telephone number, 615-###-0617.[2]

19. Plaintiff never gave Defendant prior express written consent to place prerecorded or autodialed calls to her cellular telephone.

20. Upon information and belief, Defendant did not and does not obtain prior express written consent from interested parties prior to making prerecorded or autodialed telephone solicitations to their telephones.

21. This can be seen, for example, on Defendant's website www.neptunesociety.com. On the "Request Information" page, it requires a person to

---

[2] Plaintiff has since changed her telephone number.

3

enter their phone number (email address is optional), and does not include any of the disclosures required for "express written consent," including, but not limited to the possibility of telemarketing calls, the possibility of autodialed or pre-recorded telephone calls, and that providing a phone number is not required as a condition of using the services.

22. Because Plaintiff never agreed to the calls and did not want the calls, Plaintiff asked Defendant to stop calling her.

23. Nonetheless, these automated and prerecorded calls continued.

24. On August 4, 2014, Plaintiff received a prerecorded call from 615-545-5541 explaining that Plaintiff still had time to sign up before prices were raised.

25. Plaintiff called back this number and left a voicemail asking Defendant to not contact her again.

26. Plaintiff also called Defendant's corporate office at 954-556-9400 and left a voicemail asking them to not contact her again.

27. Instead of stopping the telephone calls, Defendant sent Plaintiff a follow up email thanking her for requesting information.

28. Fed up, Plaintiff filed a complaint with the Better Business Bureau on August 6, 2014, asking for their help in stopping the calls.

29. On August 11, 2014, Defendant responded, writing: "We sincerely apologize for your receipt of any unsolicited advertisement materials and telephone calls. We will promptly remove the address and telephone number listed in this complaint from our system."

30. Nonetheless, on September 17, 2014, Plaintiff received yet another

4

prerecorded call from Defendant's telephone number 615-373-6946.

31. Given the sensitive subject matter of making funeral arrangements, these constant calls were extremely upsetting and distressing to Plaintiff. Plaintiff, like most people, did not enjoy receiving unsolicited reminders of her mortality through a prerecorded message.

32. All of these calls were placed using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store number and to dial those numbers, or to produce telephone numbers to be called using a random or sequential number generator.

33. This is evidenced by:

- The inability to stop the calls;
- The prerecorded nature of the calls;
- A brief and unnatural pause from the time Plaintiff answered to the start of the prerecorded message;
- That none of the calls were made using human intervention.

34. Furthermore, all of these calls were made using a prerecorded or artificial voice, which is a type of prohibited call separate from calls made using an automatic telephone dialing system.

35. Plaintiff knew that these calls used a prerecorded voice because she is familiar with normal human interaction, and could tell that the voice on the other line was a recording rather than a live person with whom she could interact. She was unable to interrupt the voice or get the voice to deviate from the prerecorded message, as is

the case with prerecorded messages.

36. These calls were not made for any emergency purpose.

37. Defendant did not have prior express written consent to place any of the calls to Plaintiff's cellular telephone number.

38. Plaintiff also revoked any consent Defendant believed it had.

39. Plaintiff's cellular telephone number has been on the national "Do Not Call" registry since 2009.

40. Accordingly, Defendant's calls all violated both 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

41. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Plan usage;
- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy;
- Nuisance.

42. These forms of actual injury are sufficient for Article III standing purposes.

43. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

44. Specifically, Plaintiff is entitled to at least $500 for each call placed to her cellular telephone in violation of 47 U.S.C. § 227(b).

45. Plaintiff is also entitled to treble damages for texts made willfully or

knowingly and in violation of the TCPA.

46. Defendant's actions were willful because Defendant made the calls of its own volition.

47. Defendant's actions were knowing violations of § 227(b) because Defendant knew it was placing calls to cellular telephones, knew it was using an automatic telephone dialing system, knew or should have known it did not have consent.

48. Accordingly, Plaintiff is entitled to $1,500 per call for violations of § 227(b).

49. Plaintiff is also separately entitled to at least $500 for each call placed to her cellular telephone in violation of 47 U.S.C. § 227(c).

50. Defendant's actions were knowing violations of § 227(c) because Defendant knew or should have known it was placing unsolicited telemarketing calls to telephone numbers on the Do Not Call list. Indeed, Defendant is obligated by law to maintain access to the "Do Not Call" list. 47 C.F.R. § 64.1200(c)(2)(i)(D).

51. Accordingly, Plaintiff is entitled to $1,500 per call for violations of § 227(c).

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed classes, defined as follows:

> Plaintiff and all persons within the United States (a) to whose cellular telephone number Defendant SCI Direct, Inc. placed, in the past four years, a telephone call using an automatic telephone dialing system or (b) to whose cellular or residential telephone number Defendant SCI Direct, Inc. placed, in the past four years, a telephone call using a prerecorded or artificial voice, when (for both (a) and (b)), Defendant's records show no prior express written consent to call that telephone number or Defendant's records show a request to stop calling that telephone number.

7

("ATDS Class")

Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed, in the past four years, two or more telephone solicitations when the telephone number called was on the national "Do Not Call" registry at the time of the calls.

("DNC Class") (collectively, "Classes").

53. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

54. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

55. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its telephone calls;
   b. The telephone numbers to which Defendant placed its telephone calls;
   c. The telephone numbers for which Defendant had prior express written consent;
   d. The telephone numbers associated with any "stop calling" requests;
   e. The equipment and systems used to make each call.

56. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

57. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

   a. Whether Defendant used an automatic telephone dialing system;

   b. Whether Defendant used a prerecorded and/or artificial voice in its calls;

   c. Whether Defendant took adequate steps to acquire and/or track consent;

   d. Whether and to what extent Defendant honored and/or tracked "Do Not Call" requests;

   e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

58. Plaintiff is a member of both Classes in that Defendant placed two or more telephone solicitations in a one-year period using a prerecorded voice to her cellular telephone number, which was on the Do Not Call list at the time of the calls.

59. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

60. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

61. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

62. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

63. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

64. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

65. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

66. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the ATDS Class)

67. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

68. Defendant placed numerous telephone calls to Plaintiff and Class members.

69. These calls all used an automatic telephone dialing system and also used a prerecorded voice.

70. The calls were not made for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

10

Case 3:16-cv-01033   Document 1   Filed 05/27/16   Page 10 of 14 PageID #: 10

71. All of the calls were telephone solicitations, in that they were made in an attempt to convince call recipients to purchase their services.

72. None of the calls were placed with prior express written consent of the called party.

73. Plaintiff and Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 for each telephone call, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the DNC Class)

75. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

76. Defendant placed numerous telephone solicitations to Plaintiff's and Class members' telephone numbers.

77. These telephone numbers were on the national "Do Not Call" registry.

78. These telephone calls were made in the absence of express consent or any other written agreement permitting these calls.

79. Many of these calls occurred after Plaintiff and Class members asked Defendant to stop calling.

80. Plaintiff and Class members each received two or more calls in a 12-month period.

81. Plaintiff and Class members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

82. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Allard, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Allard as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and (c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages separately for violations of both 227(b) and 227(c);

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 27, 2016

/s/ T. Blaine Dixon_____
T. Blaine Dixon TNBPR#26270
**KENNEDY LAW FIRM, PLLC**
127 South Third Street
Clarksville, Tennessee 37040
Tel: 931-645-9900
Fax: 931-920-3300
bdixon@klflaw.net


Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

*Pro Hac Vice* to be filed