IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **LINDA ALLARD,** on behalf of herself and all others similarly situated, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 3:16-cv-01033 |
| | ) | JUDGE SHARP |
| **SCI DIRECT, INC. d/b/a NEPTUNE SOCIETY,** | ) ) ) | |
| **Defendant.** | ) | |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant SCI Direct, Inc. d/b/a Neptune Society ("Defendant" or "SCI") hereby responds to Plaintiff Linda Allard's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

1. Paragraph 1 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied.

2. SCI admits that it contacted Plaintiff Linda Allard via telephone, but only after it was given prior express written consent to do so by Plaintiff. The remaining allegations of Paragraph 2 are denied.

3. SCI admits that it contacted Plaintiff Linda Allard via telephone, but only after it was given prior express written consent to do so by Plaintiff. The remaining allegations of Paragraph 3 are denied.

4. Denied. SCI states that the purported website in footnote 1 of the Complaint speaks for itself while denying any and all allegations contained therein.

5. Denied.

1

6. Denied.

7. Denied.

8. Denied.

9. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied. By way of further response, SCI states that whether Plaintiff's telephone number was on the "Do Not Call" list is of no consequence because she provided prior express written consent to be contacted by SCI.

10. Paragraph 10 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied. SCI specifically denies that this case should proceed as a class action lawsuit.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted in part, denied in part. SCI admits that it does business in the Middle Tennessee area. Denied that any conduct on the part of SCI was wrongful.

13. Admitted in part, denied in part. SCI admits that it does business in the Middle Tennessee area. Admitted upon information and belief that Plaintiff resides in the Middle Tennessee area. Denied that any conduct on the part of SCI was wrongful.

## PARTIES

14. Admitted upon information and belief.

15. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required.

16. Admitted.

17. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required.

**FACTS**

18. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

19. Denied.

20. Denied. SCI specifically states that every interested party SCI contacts has provided prior express consent to SCI to be contacted on their telephones.

21. Paragraph 21 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied. SCI states that the information provided on www.neputunesociety.com speaks for itself.

22. Admitted in part, denied in part. SCI admits that, at some point, Plaintiff requested to be removed from SCI's calling list. The remaining allegations of Paragraph 22 are denied.

23. Denied.

24. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

25. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

26. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

27. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

28. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

29. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

30. Denied. SCI denies that that the telephone number in Paragraph 30 belongs to SCI. SCI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in this Paragraph and they are therefore denied.

31. Denied.

32. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

33. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

34. Denied.

35. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

36. Admitted.

37. Denied.

38. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

39. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied. By way of

further response, SCI states that whether Plaintiff's telephone number was on the "Do Not Call" list is of no consequence because she provided prior express written consent to be contacted by SCI.

40. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

41. Denied.

42. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

43. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

44. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

45. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

46. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

47. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

48. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

49. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

50. This Paragraph contains conclusions of law to which no responsive pleading is

required. To the extent a response is required, denied.

51. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

## **CLASS ACTION ALLEGATIONS**

52. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied. SCI specifically denies that this case should proceed as a class action lawsuit.

53. Paragraph 53 sets forth Plaintiff's legal contention, and does not state a factual allegation as to which any response is required. To the extent a response is required, SCI denies that a class action should be maintained in this action. SCI further states that, if a class were to be maintained in this action, SCI agrees that all persons listed in Paragraph 53 would be excluded from the class, amongst other persons not explicitly identified in Paragraph 53.

54. Denied. SCI further denies that this case should proceed as a class action lawsuit.

55. Denied, including all subparts. SCI further denies that this case should proceed as a class action lawsuit.

56. Denied. SCI further denies that this case should proceed as a class action lawsuit.

57. Denied, including all subparts. SCI further denies that this case should proceed as a class action lawsuit.

58. Denied. SCI further denies that this case should proceed as a class action lawsuit.

59. Denied. SCI further denies that this case should proceed as a class action lawsuit.

60. Denied. SCI further denies that this case should proceed as a class action lawsuit.

61. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied. SCI further

denies that this case should proceed as a class action lawsuit.

62. Denied. SCI further denies that this case should proceed as a class action lawsuit.

63. Denied. SCI further denies that this case should proceed as a class action lawsuit.

64. Denied. SCI further denies that this case should proceed as a class action lawsuit.

65. Denied. SCI further denies that this case should proceed as a class action lawsuit.

66. Denied. SCI further denies that this case should proceed as a class action lawsuit.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the ATDS Class)**

67. SCI realleges and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

68. Denied.

69. Denied.

70. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, admitted.

71. Denied.

72. Denied.

73. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

74. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

75. SCI realleges and incorporates by reference its answers to the preceding

7

N 1708525 v1
Case 3:16-cv-01033 Document 11 Filed 07/11/16 Page 7 of 11 PageID #: 40

paragraphs as if fully set forth herein.

76. Denied.

77. Denied. By way of further response, SCI states that whether Plaintiff's or any member of the purported class' telephone number were on the "Do Not Call" list is of no consequence because SCI does not contact potential customers unless they have first provided prior express written consent.

78. Denied. By way of further response, SCI states that whether Plaintiff's or any member of the purported class' telephone number were on the "Do Not Call" list is of no consequence because SCI does not contact potential customers unless they have first provided prior express written consent.

79. Denied.

80. Denied.

81. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

82. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

**PRAYER FOR RELIEF**

SCI denies all allegations which are or may be set forth in the Complaint's Prayer for Relief, including each and every one of its subparagraphs lettered (A) through (G). SCI denies that Plaintiff and any member of any purported class she may represent are entitled to any relief of any kind whatsoever from SCI.

Any and all allegations of the Complaint which were not heretofore admitted or denied are now denied, as if such denials were set forth in full herein.

## JURY DEMAND

SCI also requests a trial by jury of all claims that can be so tried.

## AFFIRMATIVE DEFENSES

1. The Complaint and the causes of action stated therein fail to state a claim upon which relief can be granted against SCI.

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, acquiescence, and ratification.

3. Plaintiff's claims are or may be barred by the applicable statute or statutes of limitation or repose.

4. Plaintiff provided prior express written consent to SCI to be contacted on her cellular phone about SCI's services.

5. SCI does not maintain a practice of contacting potential customers using an automatic telephone dialing system or equipment.

6. The Complaint fails to allege a proper class action because, among other things, Plaintiff is not an adequate representative of the putative class and Plaintiff's claims are not typical of the claims of other members of the class for numerous reasons, including, but not limited to, the fact that Plaintiff provided her telephone number to SCI for the purpose of being contacted about SCI's services, Plaintiff and did not receive two or more calls to her cellular phone in a 12-month period after she allegedly revoked her consent to be contacted by SCI.

7. The Complaint fails to allege a proper class action because, among other things, the questions of law or fact common to members of the putative class do not predominate over the individual issues, including, but not limited to, the issue of whether each member of the putative class gave individualized consent to be contacted on their cellular phones.

9

N 1708525 v1

Case 3:16-cv-01033 Document 11 Filed 07/11/16 Page 9 of 11 PageID #: 42

8. The Complaint fails to allege a proper class action because, among other things, the putative class is not ascertainable for numerous reasons, including, but not limited to, that, due to the nature of cellular phone portability and frequent disconnecting and reassigning of cellular phone numbers, there is no accurate way to identify to whom a cellular number belonged when SCI allegedly made calls to members of the putative class.

9. The Complaint fails to allege a proper class action because, among other things, a class action is not superior to the other methods for adjudication of the claims for relief for numerous reasons, including, but not limited to, the fact that the TCPA's statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on her own behalf.

## RESERVATION OF RIGHTS

SCI reserves the right to amend its Answer and to assert additional affirmative defenses made known to it through discovery in this matter or otherwise.

WHEREFORE, PREMISES CONSIDERED, Defendant SCI Direct, Inc. d/b/a Neptune Society prays that:

  a. Plaintiff's Class Action Complaint be dismissed with prejudice; and

  b. SCI be awarded such other and further relief that this Court deems proper.

Respectfully submitted,

*s/ Austin K. Purvis*
Scott Carey (BPR No. 15406)
Austin K. Purvis (BPR No. 32329)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5600
scarey@bakerdonelson.com
apurvis@bakerdonelson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that, on July 11, 2016, I caused a copy of the foregoing *Notice of Appearance* to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

| | |
|---|---|
| T. Blaine Dixon | Jeremy M. Glapion |
| KENNEDY LAW FIRM, PLLC | THE GLAPION LAW FIRM, LLC |
| 127 South Third Street | 1704 Maxwell Drive |
| Clarksville, Tennessee 37040 | Wall, New Jersey 07719 |
| (931) 645-9900 | (732) 455-9737 |
| bdixon@klflaw.net | jmg@glapionlaw.com |

                                                *s/ Austin K. Purvis*
                                                Austin K. Purvis