# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **LINDA ALLARD**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**SCI DIRECT, INC. d/b/a NEPTUNE SOCIETY,**<br><br>Defendant. | CIVIL CASE NO: 3:16-cv-1033<br>JUDGE SHARP<br>MAGISTRATE JUDGE HOLMES |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on September 1, 2016. Counsel participating were: Jeremy Glapion and Blaine Dixon for Plaintiff and Scott Carey and Austin Purvis for Defendant. Previously, the initial case management conference was continued to allow for further discussion by the parties toward an agreement regarding the scope of initial discovery. *See* Order at Docket No. 15. The parties were also directed to submit a revised proposed Initial Case Management Order, which they did (Docket No. 17). From the parties' revised proposed Initial Case Management Order (Docket No. 17) and discussion at the initial case management conference, it appears that discovery is appropriately initially limited in this case to Plaintiff's individual claims, at the conclusion of which Defendant anticipates filing a motion for summary judgment. By agreement of the parties, this approach will best utilize the resources of the parties and facilitate the most orderly progression of this case. This initial case management plan therefore adopts a schedule directed to this initial phase of discovery and

dispositive motions, with adoption of a full case management plan reserved pending the subsequent case management conference scheduled below.

   A. **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), *et seq.*

   B. **BRIEF THEORIES OF THE PARTIES**

      1. **PLAINTIFF**

Plaintiff, Linda Allard, seeks to represent a putative class of persons who received telephone solicitations without their prior express written consent, and/or when their telephone numbers were on the National Do Not Call Registry, in violation of the TCPA. Plaintiff Allard received such unwanted calls, which continued after she asked Defendant to stop. Regardless of this revocation, however, Plaintiff Allard and putative class members never gave prior express written consent for any of the calls in the first place, because none of the materials through which Defendant solicits "consent" clearly and conspicuously disclose the possibility of autodialed or prerecorded telemarketing calls, as required by 47 CFR § 64.1200(f)(8). Thus, every telemarketing call Defendant made to cellular telephones using an autodialer or prerecorded voice, and every telemarketing call Defendant made to a residential telephone using a prerecorded voice, were made in violation of the TCPA.

Furthermore, because Plaintiff's telephone number had been on the national Do Not Call registry since 2009, the unsolicited telemarketing calls violate a separately actionable provision of the TCPA, 47 USC § 227(c).

      2. **DEFENDANT**

Defendant asserts that any persons who were contacted by Defendant previously provided their telephone number to Defendant to receive more information regarding

Defendant's services. Indeed, the only way Defendant would have Plaintiff's or any other member of the proposed class's telephone number is if it was provided directly to Defendant. Thus, it is of no consequence whether Plaintiff or any other member of the proposed class placed their telephone number of the national Do Not Call registry. Furthermore, Defendant asserts that it does not maintain a practice of contacting any potential customers using an automatic telephone dialing system and does not allow its employees and/or agents to do so. Defendant further asserts that only one additional call was made to Plaintiff within one year after she allegedly asked Defendant to stop contacting her, and thus she cannot properly maintain an action under 47 U.S.C. § 227(c). Finally, Defendant asserts that this case should not proceed in any fashion as a class action lawsuit because Plaintiff cannot meet the stringent requirements of Rule 23 of the Federal Rules of Civil Procedure.

C. **ISSUES RESOLVED**: Jurisdiction and Venue

D. **ISSUES STILL IN DISPUTE**: Liability, Damages, Class Certification

E. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 26, 2016.

F. **DISCOVERY**: The parties have reached an agreement about which discovery requests propounded by Plaintiff will be answered by Defendant during this initial phase of discovery.

G. **MOTIONS TO AMEND**: The parties shall file all Motions to Amend in connection with Plaintiff's individual claims on or before **November 18, 2016**.

H. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions related to Plaintiff's individual claims on or before **January 31, 2017**. Responses shall be filed within 28 days of the filing of the dispositive motions. Briefs in support of or in

opposition to any dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days of the filing of responses, and shall not exceed 5 pages.

I. **MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline, unless the motion is a joint motion of all parties. The motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension.

J. **REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS:** Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-309 (6th Cir. 2016) and *Beauchamp v. Federal Home Mortgage Corp.*, ___ Fed.Appx. ___, 2016 WL 3671629 at *4-5 (6th Cir. July 11, 2016). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, ___ F.3d ___, 2016 WL 4410575 at *4-5 (6th Cir. July 27, 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). Protective orders should not provide that documents produced in

4

discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

K. **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference is set for **Thursday, April 27, 2017, at 11:00 a.m. (Central Time)**. The case management can be either telephonic, in which case, Plaintiff's counsel shall provide conference call dial-in information by email to Ms. Jeanne Cox, Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov. If Ms. Cox does not receive any conference dial-in information by **April 25, 2016**, the case management will be held in-court and shall be attended by all counsel. By no later than **April 25, 2016**, counsel shall also file an updated proposed case management order addressing the matters reserved below. A separate copy shall also be emailed to Ms. Cox by that same date.

L. **DISCLOSURE OF EXPERTS AND DEPOSITIONS OF EXPERTS**: The parties believe that it is premature to know whether or not expert witnesses will be necessary. This matter will be addressed at the subsequent case management conference.

M. **JOINT MEDIATION REPORT/CASE RESOLUTION**: While the parties remain open to the possibility of mediation, the parties believe it to be premature at this time. This matter will be addressed at the subsequent case management conference.

N. **CLASS CERTIFICATION**: All remaining class-related fact discovery (if any) and scheduling of class certification motions will be discussed at the subsequent case management conference.

O. **OTHER DISPOSITIVE MOTIONS**: The schedule for any class-wide dispositive motions will be discussed at the subsequent case management conference.

P. **ELECTRONIC DISCOVERY**: The parties have reached agreements on how to conduct electronic discovery. Should any disputes arise, the parties will confer in good faith, and, should that fail, consult the Court's Administrative Order No. 174, to the extent it is applicable to the dispute.

Q. **TRIAL DATE AND ESTIMATED TRIAL TIME**: A target trial date and estimated trial time will be discussed at the subsequent case management conference.

It is SO ORDERED.

_____
BARBARA D. HOLMES
UNITED STATES MAGISTRATE JUDGE