IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **LINDA ALLARD,** on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) No. 3:16-cv-01033 |
| SCI DIRECT, INC. d/b/a NEPTUNE SOCIETY, | ) JUDGE SHARP ) ) ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant SCI Direct, Inc. d/b/a Neptune Society ("Defendant" or "SCI") hereby responds to Plaintiff Linda Allard's ("Plaintiff") First Amended Class Action Complaint ("Complaint") as follows:

1. Paragraph 1 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied.

2. SCI admits that it contacted Plaintiff Linda Allard via telephone, but only after it was given written consent to do so by Plaintiff. Plaintiff submitted her contact information directly to SCI using a mailer card that stated "Yes! I want to learn more about Neptune pre-need cremation plans." The remaining allegations of Paragraph 2 are denied.

3. SCI admits that it contacted Plaintiff Linda Allard via telephone, but only after it was given written consent to do so by Plaintiff. Plaintiff submitted her contact information directly to SCI using a mailer card that stated "Yes! I want to learn more about Neptune pre-need cremation plans." The allegation that Plaintiff never provided "express written consent" is a legal conclusion to which no response is required by SCI. To the extend a response is required,

1

denied. The remaining allegations of Paragraph 3 are denied.

4. Denied. SCI states that the purported website in footnote 1 of the Complaint speaks for itself while denying any and all allegations contained therein.

5. Denied.

6. Denied.

7. Denied.

8. Denied upon information and belief.

9. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied. By way of further response, SCI states that whether Plaintiff's telephone number was on the "Do Not Call" list is of no consequence because she provided written consent to be contacted by SCI. Plaintiff submitted her contact information directly to SCI using a mailer card that stated "Yes! I want to learn more about Neptune pre-need cremation plans."

10. Paragraph 10 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied. SCI specifically denies that this case should proceed as a class action lawsuit.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted in part, denied in part. SCI admits that it does business in the Middle Tennessee area. Denied that any conduct on the part of SCI was wrongful.

13. Admitted in part, denied in part. SCI admits that it does business in the Middle Tennessee area. Admitted upon information and belief that Plaintiff resides in the Middle Tennessee area. Denied that any conduct on the part of SCI was wrongful.

## PARTIES

14. Admitted upon information and belief.

15. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required.

16. Admitted.

17. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required.

## FACTS

18. Denied.

19. The allegation that Plaintiff never provided "express written consent" is a legal conclusion to which no response is required by SCI. To the extend a response is required, denied.

20. The allegation that SCI does not contain prior "express written consent" is a legal conclusion to which no response is required by SCI. To the extend a response is required, denied.

21. Paragraph 21 contains legal conclusions to which no response is required from SCI. To the extent a response is required, denied. SCI states that the information provided on www.neputunesociety.com speaks for itself.

22. Admitted in part, denied in part. SCI admits that, at some point, Plaintiff requested to be removed from SCI's calling list. Upon information and belief, Plaintiff did not request to no longer be called until August 4, 2014. The remaining allegations of Paragraph 22 are denied.

23. SCI denies that any further calls made to Linda Allard after August 4, 2014 were made with SCI's knowledge or consent.

24. Admitted upon information and belief that Plaintiff received a prerecorded call on August 4, 2014. SCI denies that the call made on August 4, 2014 was made with SCI's knowledge or consent.

25. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

26. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

27. Admitted upon information and belief that Plaintiff received an e-mail message from Jon Halprin on August 6, 2014. Denied that this action was taken "instead of stopping the telephone calls" as stated by the Plaintiff.

28. Admitted upon information and belief that Plaintiff filed a complaint with the Better Business Bureau on August 6, 2014. SCI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in this Paragraph and they are therefore denied.

29. Admitted upon information and belief.

30. Admitted upon information and belief that Plaintiff received a prerecorded call on September 17, 2014. SCI denies that that the telephone number in Paragraph 30 belongs to SCI. SCI affirmatively states that the call made on September 17, 2014 was made without SCI's knowledge or consent.

31. Denied.

32. Denied. This Paragraph contains conclusions of law to which no responsive

4

N 1708525 v1

Case 3:16-cv-01033   Document 22   Filed 12/12/16   Page 4 of 12 PageID #: 103

pleading is required. To the extent a response is required, denied.

33. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

34. Denied as stated.

35. Denied. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied.

36. Admitted upon information and belief.

37. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

38. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied as stated.

39. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied as stated.

40. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, SCI states that the statutory provisions of the TCPA speak for themselves.

41. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, SCI responds that 47 CFR § 64.1200(d) speaks for itself.

42. Admitted that SCI did not have a written policy at the time the lawsuit was filed. The remaining allegations are denied as stated.

5

43. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

44. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

45. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

46. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

47. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

48. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

49. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

50. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

51. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

52. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

53. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

54. This Paragraph contains conclusions of law to which no responsive pleading is

required. To the extent a response is required, denied.

## CLASS ACTION ALLEGATIONS

55. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied. SCI specifically denies that this case should proceed as a class action lawsuit.

56. Paragraph 53 sets forth Plaintiff's legal contention, and does not state a factual allegation as to which any response is required. To the extent a response is required, SCI denies that a class action should be maintained in this action. SCI further states that, if a class were to be maintained in this action, SCI agrees that all persons listed in Paragraph 53 would be excluded from the class, amongst other persons not explicitly identified in Paragraph 53.

57. Denied. SCI further denies that this case should proceed as a class action lawsuit.

58. Denied, including all subparts. SCI further denies that this case should proceed as a class action lawsuit.

59. Denied. SCI further denies that this case should proceed as a class action lawsuit.

60. Denied, including all subparts. SCI further denies that this case should proceed as a class action lawsuit.

61. Denied. SCI further denies that this case should proceed as a class action lawsuit.

62. Denied. SCI further denies that this case should proceed as a class action lawsuit.

63. Denied. SCI further denies that this case should proceed as a class action lawsuit.

64. Denied. SCI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this Paragraph and they are therefore denied. SCI further denies that this case should proceed as a class action lawsuit.

65. Denied. SCI further denies that this case should proceed as a class action lawsuit.

66. Denied. SCI further denies that this case should proceed as a class action lawsuit.

67. Denied. SCI further denies that this case should proceed as a class action lawsuit.

68. Denied. SCI further denies that this case should proceed as a class action lawsuit.

69. Denied. SCI further denies that this case should proceed as a class action lawsuit.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the ATDS Class)**

70. SCI realleges and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

71. Denied.

72. Denied.

73. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, admitted upon information and belief.

74. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

75. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

76. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

77. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

78. SCI realleges and incorporates by reference its answers to the preceding

8

paragraphs as if fully set forth herein.

79. Denied.

80. Admitted that SCI did not have a written policy pertaining to "do not call" request prior to the filing of this lawsuit. SCI did train its sales representatives and agents about how to handle individual do not call requests.

81. Denied. By way of further response, SCI states that whether Plaintiff's or any member of the purported class' telephone number were on the national "Do Not Call" list is of no consequence because SCI does not contact potential customers unless they have first provided prior express written consent.

82. Denied.

83. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

84. This paragraph contains conclusions of law to which no responsive pleading is required. To the extend a response is required, denied.

## PRAYER FOR RELIEF

SCI denies all allegations which are or may be set forth in the Complaint's Prayer for Relief, including each and every one of its subparagraphs lettered (A) through (G). SCI denies that Plaintiff and any member of any purported class she may represent are entitled to any relief of any kind whatsoever from SCI.

Any and all allegations of the Complaint which were not heretofore admitted or denied are now denied, as if such denials were set forth in full herein.

## JURY DEMAND

SCI also requests a trial by jury of all claims that can be so tried.

9

N 1708525 v1

Case 3:16-cv-01033   Document 22   Filed 12/12/16   Page 9 of 12 PageID #: 108

## AFFIRMATIVE DEFENSES

1. The Complaint and the causes of action stated therein fail to state a claim upon which relief can be granted against SCI.

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, acquiescence, and ratification.

3. Plaintiff's claims are or may be barred by the applicable statute or statutes of limitation or repose.

4. Plaintiff provided prior express written consent to SCI to be contacted on her cellular phone about SCI's services.

5. Any alleged calls placed to Plaintiff by SCI prior to August 4, 2014 were not telephone solicitations prohibited by the TCPA because SCI and Plaintiff had an established business relationship.

6. SCI does not maintain a practice of contacting potential customers using an automatic telephone dialing system or equipment.

7. The Complaint fails to allege a proper class action because, among other things, Plaintiff is not an adequate representative of the putative class and Plaintiff's claims are not typical of the claims of other members of the class for numerous reasons, including, but not limited to, the fact that Plaintiff provided her telephone number to SCI for the purpose of being contacted about SCI's services, Plaintiff and did not receive two or more calls to her cellular phone in a 12-month period after she allegedly revoked her consent to be contacted by SCI.

8. The Complaint fails to allege a proper class action because, among other things, the questions of law or fact common to members of the putative class do not predominate over

the individual issues, including, but not limited to, the issue of whether each member of the putative class gave individualized consent to be contacted on their cellular phones.

9. The Complaint fails to allege a proper class action because, among other things, the putative class is not ascertainable for numerous reasons, including, but not limited to, that, due to the nature of cellular phone portability and frequent disconnecting and reassigning of cellular phone numbers, there is no accurate way to identify to whom a cellular number belonged when SCI allegedly made calls to members of the putative class.

10. The Complaint fails to allege a proper class action because, among other things, a class action is not superior to the other methods for adjudication of the claims for relief for numerous reasons, including, but not limited to, the fact that the TCPA's statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on her own behalf.

## RESERVATION OF RIGHTS

SCI reserves the right to amend its Answer and to assert additional affirmative defenses made known to it through discovery in this matter or otherwise.

WHEREFORE, PREMISES CONSIDERED, Defendant SCI Direct, Inc. d/b/a Neptune Society prays that:

    a. Plaintiff's First Amended Class Action Complaint be dismissed with prejudice; and

    b. SCI be awarded such other and further relief that this Court deems proper.

11

N 1708525 v1
Case 3:16-cv-01033   Document 22   Filed 12/12/16   Page 11 of 12 PageID #: 110

Respectfully submitted,

*s/ Austin K. Purvis*
Scott Carey (BPR No. 15406)
Austin K. Purvis (BPR No. 32329)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5600
scarey@bakerdonelson.com
apurvis@bakerdonelson.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2016, I caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

| | |
|---|---|
| T. Blaine Dixon | Jeremy M. Glapion |
| KENNEDY LAW FIRM, PLLC | THE GLAPION LAW FIRM, LLC |
| 127 South Third Street | 1704 Maxwell Drive |
| Clarksville, Tennessee 37040 | Wall, New Jersey 07719 |
| (931) 645-9900 | (732) 455-9737 |
| bdixon@klflaw.net | jmg@glapionlaw.com |

*s/ Austin K. Purvis*
Austin K. Purvis