**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **LINDA ALLARD,** on behalf of herself and all others similarly situated, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 3:16-cv-01033** |
| | ) | **JUDGE SHARP** |
| **SCI DIRECT, INC. d/b/a NEPTUNE SOCIETY,** | ) ) ) | **MAGISTRATE HOLMES** |
| **Defendant.** | ) ) | |

**DEFENDANT'S REPLY STATEMENT TO PLAINTIFF'S STATEMENT OF**
**ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56.01(D), Defendant SCI Direct, Inc. d/b/a Neptune Society ("SCI" of "Defendant"), submits the following Reply Statement to Plaintiff's Statement of Additional Material Facts:

1.     The form through which Defendant solicited and obtained Plaintiff's telephone number did not disclose the possibility of calls made using an automatic telephone dialing system or prerecorded voice.  [Exhibit A, Response 6; Exhibit B.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, undisputed.

2.     None of the materials through which Defendant solicited and obtained telephone numbers prior to this litigation disclosed the possibility of calls made using an automatic telephone dialing system or prerecorded voice. [Exhibit N, Response 3.]

**RESPONSE:**     SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, undisputed.

3.     Defendant's calls to Plaintiff were intended to set up a meeting at which Defendant's products and services would be explained and offered for sale.    [Halprin Aff., ¶ 30, Exhibit H; Exhibit I, Ramos Decl., ¶¶ 5, 9; Ramos Decl., Exhibits 1 and 2.]

**RESPONSE:**     SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, undisputed.

4.     Defendant's calls to Plaintiff were intended to explain the availability of Defendant's products and services. [Halprin Aff., ¶ 30; Exhibit H; Exhibit I; Ramos Decl., Exhibits 1 and 2.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, SCI disputes this fact to the extent that this statement implies that the ultimate goal of SCI's calls to Plaintiff was to explain the availability of SCI's products and services.  The ultimate goal of each call to Plaintiff was to encourage a follow-up appointment, at which point SCI would explain the availability of its products and services.  [Ramos Decl. ¶¶ 8-12, Exhibits 1 and 2].

2

5.      Defendant's calls to Plaintiff were intended to encourage Plaintiff to ultimately purchase Defendant's products and services.  [Halprin Aff., ¶ 30; Exhibit H; Exhibit I; Ramos Decl., Exhibits 1 and 2.]

**RESPONSE:**        SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, disputed.  SCI's calls to Plaintiff were intended to schedule a meeting with the customer to then discuss SCI's products and services.  [Ramos Decl. ¶¶ 9-10].

6.      Defendant intended to encourage Plaintiff to purchase its products and services at any meeting set up as a result of the telephone calls. [Halprin Aff., ¶ 30; Exhibit H; Exhibit I; Ramos Decl., ¶¶ 5, 9; Ramos Decl., Exhibits 1 and 2.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, undisputed.

7.      Defendant's then-employee, Jon Halprin, used CallFire to call Plaintiff. [Ramos Decl., ¶¶ 24, 30; Halprin Aff. ¶¶ 45-50.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, SCI states it is undisputed that Jon Halprin utilized CallFire's services.  Denied that Jon Halprin initiated the calls made from CallFire to Plaintiff.  SCI states that CallFire initiated said calls. [Ramos Decl. ¶¶ 24-26].

4844-0143-3921 v2
2781581-000124 01/31/2017

8.      Jon Halprin was not the only one of Defendant's employees to use CallFire. [Exhibit L.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, SCI further objects to this statement and the material cited in support because it cannot be presented in a form that would be admissible in evidence.  Pursuant to Rule 802 of the Federal Rules of Evidence, Exhibit L on which Plaintiff relies is inadmissible hearsay not meeting the requirements of any applicable hearsay exception.  This fact is therefore disputed.  Subject to and without waiving the foregoing objections, disputed that SCI's "employees" were using CallFire, as SCI's independent sales representatives are independent contractors, not employees.

9.      Prior to this litigation, Defendant did not have a written do-not-call policy. [Exhibit N, Response 4; Exhibit O, ¶ 42.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, undisputed.

10.      Prior to this litigation, Defendant did not train its employees on the existence and use of any internal do-not-call list. [Exhibit P, Supplemental Response No. 11; Exhibit Q, Response 3; Exhibit R SCI 000184; Halprin Aff. ¶¶ 34-35.]

**RESPONSE:** SCI objects to this fact because it is not material to the disposition of SCI's Motion for Summary Judgment.  Subject to and without waiving the foregoing objection, disputed.   SCI trains its independent sales representatives and sales managers on how to appropriately disposition a sales lead in its lead management program, Velocify, including

4

dispositioning customer leads as "DO NOT CONTACT" or "DO NOT CALL - DO NOT MAIL." [Ramos Decl. ¶¶ 21-23].

Respectfully submitted,


*s/ Austin K. Purvis*
Scott Carey (BPR No. 15406)
Austin K. Purvis (BPR No. 32329)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5600
scarey@bakerdonelson.com
apurvis@bakerdonelson.com

*Attorneys for Defendant*

4844-0143-3921 v2
2781581-000124 01/31/2017

## CERTIFICATE OF SERVICE

I hereby certify that, on March 14, 2017, I caused a copy of the foregoing *Defendant's Reply Statement to Plaintiff's Statement of Additional Material Facts* to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

T. Blaine Dixon
KENNEDY LAW FIRM, PLLC
127 South Third Street
Clarksville, Tennessee 37040
(931) 645-9900
bdixon@klflaw.net

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
(732) 455-9737
jmg@glapionlaw.com

*s/ Austin K. Purvis*
Austin K. Purvis

6

4844-0143-3921 v2
2781581-000124 01/31/2017