UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LINDA ALLARD, on behalf of
herself and all others similarly
situated,

        Plaintiff,

v.

        Case No.: 3:16-cv-1033
        Honorable Gershwin A. Drain
        Sitting by Special Designation

SCI DIRECT, INC., d/b/a
NEPTUNE SOCIETY,

        Defendant.
_____/

## TRIAL ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Motions *in Limine* due: | December 18, 2017 |
| Final Pretrial Order due: | January 16, 2018 |
| Final Pretrial Conference[1]: | January 23, 2018 at 10:00 a.m. |
| Jury Trial: | February 6, 2018 at 9:00 a.m. |
| Estimated Length of Trial: | 3-5 days |

---

[1] This Court generally conducts settlement discussions at the final pretrial conference. *See infra*, § I.C.

**I.   FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.   Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

   A.   Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court.  The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  <u>Counsel for plaintiff</u> shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order.  The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court.

   B.   The proposed Final Pretrial Order <u>shall contain, under numbered and captioned headings, the following:</u>

   **(1)   Jurisdiction.** The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

   **(2)   Plaintiffs' Claims.** The statement of the claim or claims of plaintiffs shall include legal theories.

**(3)** **Defendants' Claims.** The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

**(4)** **Stipulation of Facts.** The parties shall state, in separately numbered paragraphs, all uncontested facts.

**(5)** **Issues of Fact to be Litigated.**

**(6)** **Issues of Law to be Litigated.**

**(7)** **Evidence Problems Likely to Arise at Trial.** Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3)(B). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

**(8)** **Witnesses.** Each party shall list all witnesses whom that party will call and all witnesses whom that party may call. This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P. 26(a)(3)(A)(i) and (ii). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list a witness.

**(9)** **Exhibits.** The parties must number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed. R. Civ. P. 26(a)(3)(A)(iii). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown.

The provisions of Fed. R. Civ. P. 37(c)(1) will apply to a failure to list an exhibit. * **Any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

**(10)** **Damages.** The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data. The parties shall stipulate to those damages not in dispute.

**(11)** **Trial**

(A) Jury or non-jury.

(B) Estimated length of trial.

**(12)** **Settlement.** Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions. They may state that they wish the Court to schedule a settlement conference.

C. The following persons shall personally attend the final pretrial conference:

1) Trial counsel for each party (includes all attorneys who will participate in the trial);

2) All parties who are natural persons;

3) A representative on behalf of any other party;

4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess **full authority** to engage in settlement discussions and to agree upon a full and final settlement. "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

**II.** <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

- A. In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects. Judge's courtesy copies and disc required. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

- B. In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

- C. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

**III.** **EXHIBITS**. Counsel is required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters. A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel is also required to maintain a record of all admitted exhibits during trial. See attached exhibit form. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

**IV.** **TRIAL**. A bench book of exhibits is required. Also, within three (3) days prior to the start of trial, counsel for each party must submit a Witness Synopsis List. The Witness Synopsis List shall list all of the witnesses who will be called at trial, a synopsis of their testimony, and the anticipated length of time the direct and cross examination will take. The Witness Synopsis List does not alter the obligation of each party to file witness lists,

5

lay and expert, by the deadlines contained in the Case Management Order. Voir Dire is conducted by the Court. Requests for voir dire must be submitted one week prior to the start of trial. Jurors are allowed to take notes. The Court typically charges the jury after closing arguments. Jurors are permitted to take written instructions into the jury room.

V. **JUROR COSTS.** The parties are responsible for promptly informing the Court when a settlement has been reached. **Failure to apprise the Court of the parties' settlement by noon on the Friday preceding the start of trial may result in the imposition of juror costs against the parties or their counsel**.

SO ORDERED.

Dated: June 12, 2017

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge
Sitting by Special Designation