UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LINDA ALLARD, on behalf of herself and
all others similarly situated,

      Plaintiff,                      Case No. 16-cv-01033
                                               Hon. Gershwin A. Drain

vs.

SCI DIRECT, INC. d/b/a NEPTUNE
SOCIETY,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR CLASS CERTIFICATION [#23]

**I.    INTRODUCTION**

Plaintiff, Linda Allard, filed the instant action against Defendant, SCI Direct, Inc. ("SCI") on May 27, 2016, asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227(b) and § 227(c). Presently before the Court is Plaintiff's Motion to Certify Class, filed on January 9, 2017, supplemented on May 5, 2017.[1] This matter is fully briefed and for the reasons

---

[1] Briefing on Ms. Allard's Motion for Class Certification was stayed for approximately three months so the Court could resolve SCI's Motion for Summary Judgment prior to its resolution of Plaintiff's Motion for Class Certification. On July 10, 2017, the Court denied SCI's Motion for Summary Judgment.

-1-

discussed below, the Court will **GRANT** Ms. Allard's Motion for Class Certification.

## II. FACTUAL BACKGROUND

The facts giving rise to the instant action have been set forth in this Court's Opinion and Order denying SCI's Motion for Summary Judgment. *See* Dkt. No. 59 at Pg ID 1095-99. Therefore, the Court will summarize the facts relevant to the resolution of the instant motion.

SCI is a provider of pre-need cremation services, doing business as Neptune Society. SCI obtains lead information for potential customers through the Neptune Society website or mailer cards sent by potential customers. The standardized mailer cards allow individuals to check a box stating "[y]es! I want to learn more about Neptune pre-need cremation plans" and to leave his or her contact information. SCI's mailer cards do not contain any disclosure regarding autodialed or prerecorded calls. Nor does SCI have any other solicitation materials that disclose the use of autodialed or prerecorded calls to potential customers.

In February of 2013, Ms. Allard provided SCI with her cellular telephone number on a mailer card. Shortly thereafter, SCI began placing telemarketing calls to her cellular phone advertising its services. However, Ms. Allard never provided consent for prerecorded or autodialed calls, nor could she have, because SCI never disclosed that its calls may use an automatic dialer system or prerecorded voice.

Ms. Allard requested that SCI cease contacting her on several occasions, however her requests were not honored.

## III. LAW & ANALYSIS

### A. Standard of Review

"A district court has broad discretion to decide whether to certify a class." *In re Whirlpool Corp. Front–Loading Washer Products Liability Litigation*, 722 F.3d 838, 850 (6th Cir. 2013); *see also In re Am. Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Yet, it bears repeating that "[t]he class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) (quoting *Wal–Mart v. Dukes*, 564 U.S. 338, 348 (2011)). Moreover, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal–Mart*, 564 U.S. at 351 (emphasis in original); *In re Am. Med. Sys.*, 75 F.3d at 1079 (noting the party seeking certification bears the burden to show all prerequisites under Rule 23 are satisfied).

To obtain class certification pursuant to Rule 23 "the plaintiffs must show that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *In re Whirlpool*, 722 F.3d at 850 (quoting Fed. R. Civ. P. 23(a)). "These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members. *Id*. at 850–51 (citing *Wal–Mart*, 564 U.S. at 348). When reviewing a plaintiff's motion for class certification, the district court must conduct a "rigorous analysis" of the Rule 23 requirements. *In re Am. Med. Sys.*, 75 F.3d at 1078–79 (quoting *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161).

In addition to meeting the four prerequisites of Rule 23(a), the proposed class must meet at least one of the three requirements set forth in Rule 23(b). *Wal–Mart*, 564 U.S. at 344. In the present action, Plaintiff seeks class certification under Rule 23(b)(3), which requires that the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiff bears the burden to show that all of the class certification prerequisites have been met. *In re Whirlpool*, 722 F.3d at 851 (citation omitted).

**B.     Class Definition and Ascertainability of the Class**

"[B]efore a court may certify a class pursuant to Rule 23, 'the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'" *Young*, 693 F.3d 532, 537–38 (citation omitted). In evaluating this "ascertainability" requirement, the Sixth Circuit has indicated that class definitions which are "amorphous" or "imprecise" do not meet this standard. *Id.* at 537–38 (citation omitted); *see also Avio, Inc. v. Alfoccino, Inc.* (*Avio II* ), 311 F.R.D. 434, 441 (E.D. Mich. 2015) (granting class certification); *see also John v. National Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (holding that "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of the Federal Rule of Civil Procedure 23.").

Further, "[f]or a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria. In some circumstances, a reference to damages or injuries caused by particular wrongful actions taken by the defendants will be sufficiently objective for proper inclusion in a class definition." *Young*, 693 F.3d at 538–39 (citation omitted).

In the present action, Ms. Allard seeks to certify two classes with the following description:

> **Prerecord Class**: Since October 16, 2013, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed a telemarketing telephone call using CallFire, Inc.'s calling platform when that call was dispositioned as "Answering Machine," "Live Answer," or "Do Not Call."
>
> **DNC Class**: From May 27, 2012 to May 27, 2016, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed (or had placed on its behalf) two or more telephone calls for telemarketing purposes in a 12-month period.

The Court agrees with Ms. Allard that the class definitions are both definite and rely upon objective criteria to determine membership. Specifically, membership in the classes is determinable through records maintained by SCI or CallFire. The Court notes that SCI does not raise any objection relating to the ascertainability requirement. As such, the Court finds that the definition of each class is sufficiently definite.

## C. Rule 23(a) Requirements

### 1. Numerosity

Pursuant to Rule 23(a)(1), the numerosity requirement is satisfied when "the class is so numerous that joinder of all members [of the class] is impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity factor examines the specific facts of each case and imposes no absolute limitations. *See Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976), *cert. denied* 429 U.S. 870 (1976). The modern

trend for meeting the numerosity factor is to require at a minimum "between 21 and 40" class members. *See Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009, 1013 (W.D. Mich. 1987); *see also Roman v. Korson*, 152 F.R.D. 101, 105-06 (W.D. Mich. 1993). Here, Ms. Allard's evidence shows that calls made using Mr. Halprin's account cover more than 1,800 unique persons and over 7,400 calls. Dkt. No. 44-11. Even though Ms. Allard has not produced the calling records for SCI's other CallFire accounts, calls made using Mr. Halprin's account alone satisfies the numerosity requirement for the Prerecorded Class. As to the DNC Class, evidence produced by Ms. Allard shows that SCI made two or more calls in a 12-month period to 585,195 persons. Dkt. No. 44-20. SCI does not make any objection to the above records. Thus, the Court finds that the numerosity requirement is satisfied for both the Prerecord and the DNC Classes.

    **2.   Commonality**

A class action may be certified only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

> Rule 23(a)(2) requires plaintiffs to prove that there are questions of fact or law common to the class....[t]o demonstrate commonality, the plaintiffs' claims must depend on a common contention...of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Young*, 693 F.3d at 542 (quoting *Wal–Mart*, 564 U.S. at 350.). "When the legality of the defendant's standardized conduct is at issue, the commonality factor is

normally met." *Gilkey v. Central Clearing Co*., 202 F.R.D. 515, 521 (E.D. Mich. 2001).

In the present case, Ms. Allard represents that the common questions for the Prerecord Class include: (i) whether SCI had a practice of obtaining consent in a way sufficient to satisfy "prior express written consent"; (ii) whether SCI's calls made through CallFire used a prerecorded voice or an automatic dialing system; (iii) whether SCI placed prerecorded or autodialed telemarketing calls to persons who did not previously provide SCI with prior express written consent to receive such calls; and (iv) whether SCI placed such calls willingly, which if proven, entitles members of the Prerecord Class to treble damages. Ms. Allard also lists common questions for the DNC Class: (i) whether SCI had a written policy for maintaining a do-not-call list; (ii) whether SCI trained its personnel engaged in any aspect of telemarketing on the existence and use of the do-not-call list; (iii) whether SCI placed calls for telemarketing purposes; and (iv) whether SCI placed such calls willingly to give members of the DNC Class rights to treble damages.

In response, SCI argues that the commonality requirement is not met because both the Prerecord Class and the DNC Class require individualized determinations of consent. Specifically, SCI argues that section 227(c) is inapplicable for class members who gave prior express consent. As the Court has decided this issue in its order denying SCI's motion for summary judgment,

section 227(c) applies to any person or entity that makes telemarketing calls without instituting procedures for a do-not-call list, regardless of whether the persons being called agree to the telephone solicitations. *See* Dkt. No. 59, p. 14–15. Therefore, SCI's argument is without merit.

SCI also argues that determining whether and when each member of the Prerecord Class revoked his or her consent to be contacted by SCI will require individualized proof. SCI relies on *Boyd v. General Revenue Corporation* to argue that a person may give consent by knowingly releasing her telephone number absent contrary instructions. *See* Dkt. No. 49, Pg ID 953; 5 F. Supp. 3d 940, 954 (M.D. Tenn. 2013). However, *Boyd* was decided on March 7, 2013, before the prior express written consent requirement took effect on October 16, 2013. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1857 (F.C.C. 2012). Thus, SCI's reliance on *Boyd* is misplaced. Ms. Allard correctly cited *Hill v. Homeward Residential* in her reply:

> The FCC's regulations for telemarketers now require a more specific type of consent—namely, that the called party consents, in writing, to being called *by an auto-dialer.*

799 F.3d 544, 552 (6th Cir. 2015) (emphasis in original). In the present case, SCI has admitted during discovery that none of the materials through which it obtained telephone numbers contained the required disclosure. *See* Resp. No. 2, Dkt. No. 44-2, Pg ID 728. So far, SCI has not presented any evidence showing that it

obtained the express written consent from any leads to make prerecorded calls. Therefore, the Court does not need to determine whether SCI obtained consent for each member of the Prerecord Class and whether and when said member revoked his consent because SCI could not have obtained legally sufficient consent under *Hill*, *supra*. *See Wal–Mart*, 564 U.S. at 350 ("[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim.") (internal citation omitted). The Court hereby finds that these common questions of law and fact satisfy the commonality requirement pursuant to 23(a)(2).

### 3. Typicality

A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re American Medical Sys.*, 75 F.3d at 1078. "A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *Young*, 693 F.3d at 542 (citation omitted).

SCI argues that Ms. Allard is not a typical class representative because many other class members, unlike Ms. Allard, may never have revoked their consent to

be contacted. The Court finds Defendant's argument unpersuasive because the "revocation of consent" issue is irrelevant to the resolution of the claims herein. SCI has admitted that none of its materials contained the mandated disclosures for making autodialed or prerecorded calls. As such, SCI did not have legally sufficient consent to make such calls, thus there is no need to address the class members purported revocation of such consent. Additionally, SCI's arguments concerning consent and § 227(c) have been considered and rejected by this Court in its Opinion and Order denying SCI's Motion for Summary Judgment. Ms. Allard is a typical class representative whose rights were allegedly infringed by SCI under the TCPA. Therefore, the Court finds that typicality requirement has been met.

### 4. Adequacy of Representation

Pursuant to Rule 23(a)(4), the court must find that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has held that there are two criteria for determining the adequacy of representation: "1) the representative must have common interests with unnamed members of the class; 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525.

SCI argues that Ms. Allard is not an adequate representative of the classes because Ms. Allard felt offended by SCI's harassing practice while other customers of SCI might not feel this way. In addition, SCI questions Ms. Allard's ability to represent the class because Ms. Allard's counsel filed an identical case against SCI in a different court. Critically, Defendant has failed to cite to any case law from the Sixth Circuit holding that a class representative is rendered inadequate because some people in a class feel less offended by a defendant's violations of the law. The Court notes that any person has statutory standing to assert a violation of the TCPA, regardless of whether she feels offended or not. *See* 47 U.S.C. § 227(b)(3), (c)(5). Moreover, any member who wants to opt out has such right under a class action certified under Rule 23(b)(3). *See* Fed. R. Civ. P. 23(c)(2)(B)(5). Accordingly, SCI's first argument is without merit.

Additionally, SCI fails to provide any authority that class counsel is somehow inadequate because he has filed a similar case with different plaintiffs in a separate court. This is not a reason to deny certification.

### D. Rule 23(b)(3) Requirements

Before a court can certify a class action, the court must find that the class action fits within one of the four categories of class actions maintainable under Rule 23(b). Ms. Allard seeks certification of the Classes under Rule 23(b)(3). Rule 23(b)(3) asks the court to find that questions of law or fact common to class

members predominate over any questions pertinent to individual members and the class action is superior to other methods of adjudication. The matters pertinent to these findings include: (A) "the class member's interests in individually controlling the prosecution or defense of separate actions," (B) "the extent and nature of any litigation concerning the controversy already begun by or against class members," (C) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and (D) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D).

   1.  **Predominance**

The Sixth Circuit has explained that "to satisfy Rule 23(b)(3), named plaintiffs must show, and district courts must find, that questions of law or fact common to members of the class predominate over any questions that affect only individual members." *In re Whirlpool*, 722 F.3d at 860. "[T]he predominance inquiry must focus on common questions that can be proved through evidence common to the class. A plaintiff class need not prove that each element of a claim can be established by classwide proof: 'What the rule does require is that common questions 'predominate over any questions affecting only individual [class] members.'" *Id.* at 858 (internal citation removed).

Defendant argues common questions of law and fact do not predominate in this action because the Court would be forced to make a "case-by-case inquiry"

into the issue of consent revocation that would require a series of individual trials. However, this argument has been addressed *supra* in Part.C.2 and is unpersuasive. Rather, the Court finds that the question whether SCI had a practice of obtaining consent in a way sufficient to satisfy "prior express written consent is a common question that predominates in this action.

### 2. Superiority

Ms. Allard argues that, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action, a class action would be efficient and fair to the judicial system and the litigants. The Sixth Circuit has expressly agreed with Ms. Allard's argument: "[t]he denial of a plaintiff class sometimes defeats the case as a practical matter because the stakes are too small and the litigations costs are too high for the individual plaintiff to go forward. Such is the case here, where an individual's recovery is limited to a maximum of $1,500." *In re Sandusky Wellness Ctr., LLC,* 570 F. App'x 437, 437 (6th Cir. Jun. 12, 2014)(internal citations omitted). Furthermore, class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality. SCI does not make any objection to the superiority requirement. Accordingly, the Court finds that the superiority requirement is satisfied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Ms. Allard's Motion for Class Certification [#23] is GRANTED.

IT IS FURTHER ORDERED that the Court certifies two Classes, pursuant to Rule 23(b)(3), consisting of the following:

> **Prerecord Class**: Since October 16, 2013, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed a telemarketing telephone call using CallFire, Inc.'s calling platform when that call was dispositioned as "Answering Machine," "Live Answer," or "Do Not Call."
>
> **DNC Class**: From May 27, 2012 to May 27, 2016, Plaintiff and all persons within the United States to whose telephone number Defendant SCI Direct, Inc. placed (or had placed on its behalf) two or more telephone calls for telemarketing purposes in a 12-month period.

IT IS FURTHER ORDERED that Plaintiff Linda Allard is appointed as class representative for the Prerecord Class and the DNC Class.

IT IS FURTHER ORDERED that Jeremy M. Glapion and the Glapion Law Firm LLC are appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, within thirty (30) days of the date of this Order, Class Counsel shall file a proposed class notification form which complies with Fed. R. Civ. P. 23(c), together with a statement describing the method by which the notice will be provided to class members and a list of persons or entities to whom the notice will be sent.

SO ORDERED.

Dated:                           <u>/s/ Gershwin A. Drain</u>
                                   GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT JUDGE
                                   Sitting By Special Designation